UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:18-cv-81442-DMM

ANTONY LEWIS,

    Plaintiff,

vs.

THE SCHOOL BOARD OF PALM BEACH COUNTY FLORIDA,
a Florida Profit Corporation,

    Defendant.
_____/

**FIRST AMENDED COMPLAINT**

    **COMES NOW** Plaintiff, ANTONY LEWIS ("Plaintiff"), by and through the undersigned counsel, and hereby sues Defendant, THE SCHOOL BOARD OF PALM BEACH COUNTY FLORIDA,("Defendant"), and alleges as follows:

    1. This is an action for declaratory and injunctive relief and damages pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 ("Title VII"); the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq*. ("FCRA"); the Age Discrimination Employment Act (ADEA) and the Civil Rights Act of 1866, 42 U.S.C. §1981 ("§ 1981"), to redress injuries resulting from Defendant's unlawful race, gender, and age discriminatory treatment of Plaintiff.

    2. At all times material hereto, Plaintiff was a resident of Palm Beach County, Florida.

    3. Defendant is a Florida Governmental Agency authorized to conduct business in the State of Florida,

    4. Venue is proper in Florida pursuant to state law because the employment practices hereafter alleged to be unlawful were committed within the Palm Beach County

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

5. Plaintiff Anthony Lewis, worked for the defendant, THE SCHOOL BOARD OF PALM BEACH COUNTY FLORIDA from on or about January 1996 to on or about July 2017 as an assistant principal at Lake Park Elementary.

6. The Plaintiff worked for the defendant for about 28 years.

7. The Plaintiff is 52 years of age and was the only white male on staff.

8. On or about July 24, 2017, Plaintiff was demoted to a teacher position because of his gender, age and race without any proper notice and even despite of his excellent performance, and wonderful rapport with the students and their parents.

9. Heidi Riddle, who was the confidential secretary to Camille Coleman, the area superintendent and who is a female Caucasian and is younger than Plaintiff, told Plaintiff that he was being demoted based on the color of his skin.

10. The Plaintiff's supervisor, Michelle Fleming, who is a 38 year old female Hispanic with darker skin complexion than Plaintiff, and was also the Principal was always stating that the white teachers are racist and mentioning how Ms. Coleman criticized how white the staff was at Lake Park Elementary.

11. The Defendant's employees specifically, Camille Coleman and Michelle Fleming, believed that a 50 year old white male was not capable of performing as the Assistant Principal at Lake Park Elementary due to a diverse school and the certain demographics in that district.

12. Lake Park Elementary is located in a diverse neighborhood and serve many people of color.

13. This School in particular, was the only school without at least one African American Principal or Assistant Principal under Ms. Coleman's direct supervision.

14. Plaintiff was well qualified for his position, as he had a Bachelor's degree in Elementary education and a Master's and Doctorate degree in Educational Leadership.

15. Antony Lewis was ultimately replaced by Ms. Veronica Stevens, an African American female under the age of 40, in September of 2017

16. Ms. Veronica Stevens was hired originally at Lake Park Elementary in the capacity of single school culture coordinator in the summer of 2016, Camille Coleman insisted that Michelle Fleming hire Veronica for that position.

17. Plaintiff was demoted by the defendant because of his gender, age and race in violation of Title VII of the Civil Rights Act of 1964, as amended and Age Discrimination in Employment Act.

18. The Plaintiff filed the charge with both Equal Employment Opportunity Commission on July 24, 2017, at this time all administrative remedies have been met. (Exhibit A)

19. Plaintiff filed this instant lawsuit originally with the Florida 15th judicial circuit in and for Palm Beach County Florida on September 20, 2018. (Exhibit B)

## COUNT I
*Race Discrimination in Violation of Title VII*

20. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-19 of this complaint as if set out in full herein.

21. Plaintiff is a member of a protected class under Title VII.

22. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to animosity based on race.

23. Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is White.

24. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's

protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

25. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

26. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

27. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

28. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

29. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

30. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   a. Adjudge and decree that Defendant has violated Title VII, and has done so willfully, intentionally, and with reckless disregard for Plaintiffs' rights;

   b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits'

adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *Race Discrimination in Violation of the FCRA*

31. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-19 above as if set out in full herein.

32. Plaintiff is a member of a protected class under the FCRA.

33. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to race-based animosity.

34. Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is White.

35. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

36. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's

employment with the Defendant.

37. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

38. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

39. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

40. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

41. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

   a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

   b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

   c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    d.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

    e.  Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

    f.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### *Race Discrimination in Violation of 42 U.S.C. § 1981*

42. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-19 of this complaint as if set out in full herein.

43. Plaintiff is a member of a protected class under § 1981.

44. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to race-based animosity.

45. Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is White.

46. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

47. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

48. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

49. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights,

has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

50. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

51. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

52. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

53. So that Plaintiff's rights may be protected, Plaintiff has retained the undersigned counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1988, the Civil Rights Attorneys Fee Award Act.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated 42 U.S.C. § 1981, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the

      full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

  e. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

  f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
### *Gender Discrimination in Violation of the FCRA*

54. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-19 above as if set out in full herein.

55. Plaintiff is a member of a protected class under the FCRA.

56. By the conduct describe above, Defendants have engaged in discrimination against Plaintiff because of Plaintiff's gender and subjected the Plaintiff to gender-based animosity.

57. Such discrimination was based upon the Plaintiff's gender in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Male.

58. Defendants' conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendants and their supervisory personnel were aware that discrimination on the basis of gender was unlawful but acted in reckless disregard of the law.

59. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendants.

60. Defendants retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory

actions.

61. As a result of Defendants' actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

62. The conduct of Defendants, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

63. The actions of the Defendants and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory damages pursuant to state and federal law, to punish the Defendants for their actions and to deter them, and others, from such action in the future.

64. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendants' discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendants:

A. Adjudge and decree that Defendants have violated the FCRA, and have done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendants pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendants and award Plaintiff compensatory damages for mental

anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendants to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendants, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT V
### *Age Discrimination in Violation of the ADEA*

86. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-19 above as if set out in full herein.

87. Plaintiff is a member of a protected class under the ADEA.

88. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's age and subjected the Plaintiff to age-based animosity.

89. Such discrimination was based upon the Plaintiff's age in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is over the age of forty.

90. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's age was unlawful but acted in reckless disregard of the law.

91. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

92. Defendant retained all employees who exhibited discriminatory conduct toward the

Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

93. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

94. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

95. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

96. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

g. Adjudge and decree that Defendant has violated the ADEA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

h. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

i. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

j.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

k.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

l.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VI
*Age Discrimination in Violation of the FCRA*

97. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-19 above as if set out in full herein.

98. Plaintiff is a member of a protected class under the FCRA.

99. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's age and subjected the Plaintiff to age-based animosity.

100. Such discrimination was based upon the Plaintiff's age in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is over the age of forty.

101. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's age was unlawful but acted in reckless disregard of the law.

102. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

103. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

104. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

105. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

106. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

107. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the

full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: 11/23/18

Respectfully submitted,

s/Rainier Regueiro
Rainier Regueiro, Esq.
Florida Bar Number: 115578
rregueiro@rgpattorneys.com.com

**REMER & GEORGES-PIERRE, PLLC**
Comeau Building
319 Clematis Street
Suite 606
West Palm Beach, Fl. 33401
Telephone: 561-225-1970
Facsimile : 305-416-5005

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on 11/23/18 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**Lisa Michelle Kohring**
Palm Beach County School Board
3300 Forest Hill Blvd
Suite C-331
West Palm Beach, FL 33401
(561) 649-6814
Email: lisa.kohring@palmbeachschools.org

                s/Rainier Regueiro
                **Rainier Regueiro, Esq.**
                Florida Bar No.: 115578
                rregueiro@rgpattorneys.com